UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG THOMAS,

                                    Plaintiff,                      Docket No.:
                                                                     16-cv-06105 (AT)(HBP)

                   -against-

YRC INC., ITS AGENTS, SERVANTS, AND/OR
EMPLOYEES, and LANCE D. MORGAN,

                                    Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. KEVIN TOOSI

Dated:    Bohemia, New York
               September 14, 2017

## INTRODUCTION

This action arises out of a motor vehicle accident, the facts of which are in dispute.

Plaintiff Thomas alleges the Honda he was operating was struck in the rear. Defendant Morgan alleges the tractor-trailer combination he was operating was struck towards the rear-side of the trailer.

The police report (MV-104 AN) contains the following description provided by each operator, i.e. DV#1 (Thomas) and DV#2 (Morgan).

DV#1 states was parked in the right lane to go straight at red light when light changed to green he proceeded E/B when V#2 did strike rear driver side of vehicle damage bumper. DV#2 states when light turned green V#1 did brush against his vehicle damaging his own vehicle.

In the accident description and diagram portion of the police report, the police categorize the accident as a "sideswipe–same direction". The police did not witness the accident (Exhibit "A").

Photographs of the 2007 Honda depict damage on the rear driver's side quarter panel and a portion of the driver's side rear bumper (Exhibit "B").

Defendants retained Dr. Kevin Toosi, a biomechanical engineer, to assist the defense. Dr. Toosi, who possesses a B.S., Masters, and Ph.D. in Bioengineering-Biomechanics Track from the University of Pittsburgh, received his Medical Doctorate, in 1994, from Mashhad University Iran where he practiced medicine for five (5) years before immigrating to the United States (Exhibit "C").

Confronted by Dr. Toosi's analysis, plaintiff now seeks to challenge Dr. Toosi's conclusions. Plaintiff's challenge is based upon inaccurate comments and conclusions regarding the data, methodology, and credentials set forth in Dr. Toosi's report and curriculum vitae. This challenge fails.

Dr. Toosi, a medical doctor by training and experience, applied reliable- accepted biomechanical engineering principals to analyze this accident and based upon his medical and biomechanical background; determine whether the alleged injuries were caused by this event. He considered and relied upon sufficient facts and data. He provided peer references in support and explanation of his engineering, biomechanical, and medical opinions and conclusions.

Dr. Toosi's expert opinion far exceeds the requirements for admissibility under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 [1993].

Accordingly, plaintiff's motion to preclude the testimony of Dr. Toosi should be denied.

## PRELIMINARY STATEMENT

**Dr. Toosi' Qualifications:**

Dr. Toosi received his Medical Doctorate in 1994. He thereafter practiced medicine for five (5) years before emigrating to the United States. He earned a Bachelor of Science in Engineering (Bioengineering) and Master of Science in Bioengineering (Biomechanics Track) and a PhD in Bioengineering (Biomechanics Track) from the University of Pittsburgh.

In addition to serving as an adjunct professor in the Bioengineering Department of the University of Pittsburgh, he served for three (3) years as an engineer/scientist in biomechanics practice for Exponent Failure Analysis Associates. During Dr. Toosi's tenure with Exponent Failure Analysis Associates, he worked in accident reconstruction, crush analysis, and occupant kinematics during motor vehicle accidents.

Dr. Toosi, who has a combined twenty (20) plus years of experience and is a Principal Scientist at Pittsburgh Biomechanics. As a Principal Scientist at Pittsburgh Biomechanics, he utilizes engineering principals and biomechanical sciences, in addition to his medical background, to explore the cause, nature and severity of injuries in accident settings, e.g. motor vehicle accidents.

Dr. Toosi, a member of several engineering and biomechanical societies and has authored or contributed to peer review articles. (Exhibit "C").

As recently as February 2017, Dr. Toosi, qualified as an expert witness and was permitted by Justice Peter Sweeney of the New York Supreme Court, Kings County to testify as an expert witness. (Exhibit "E").

Dr. Toosi, in the Materials Reviewed portion of his report, identifies twenty-eight (28) distinct reports, documents, data, transcripts, and discovery responses Dr. Toosi reviewed in conjunction with his examination. The material outlined in Dr. Toosi's report includes but is not limited to the following: vehicle specific data (including curb weight, geometry, and dimensions) for a 2007 Honda Accord Se 4-door sedan (2007 Honda) and a 2007 Volvo VNM42T tractor trailer, an April 14, 2016 estimate for the subject 2007 Honda, the claim summary for the subject 2007 Honda, twenty-three (23) color photographs of the subject 2007 Honda, the transcript of the October 18, 2016 deposition of plaintiff Craig Thomas, the transcript of the October 18, 2016 deposition of defendant Lance D. Morgan, and the NYC police report for the accident of April 05, 2016 as well as six (6) color photographs of the accident location (Exhibit "D" pages 2-3).

In addition to the reports, documents, data, transcripts and discovery responses reviewed by Dr. Toosi, Dr. Toosi analyzed plaintiff's pre and post-accident medical records and reports in addition to diagnostic studies e.g. MRIs and X-rays, prepared by twenty (20) medical doctors and specialists who treated, evaluated, and examined plaintiff Thomas. A summary of plaintiff's enumerated medical visits, reports, evaluations, and examinations is set forth in Dr. Toosi's report (Exhibit "D "pages 4- 11).

## Summary Response to Plaintiff's Claims of Alleged Deficiencies

**Item #1:** Plaintiff objects to admission of Dr. Toosi's testimony on the grounds Dr. Toosi did not calculate plaintiff's height and weight nor visited the accident site.

**Response**: In direct contradiction to plaintiff's assertion to the contrary, Dr. Toosi sets forth plaintiff Thomas' height and weight as part of the information made available to him for his analysis. "According to Craig Thomas' medical records, he was five feet, six inches tall, and weighed 170 pounds on April 06, 2016." (Exhibit "D" page 11).

Dr. Toosi reviewed six (6) color photographs of the accident location. (Exhibit "D" page 03).

**Item #2:** Plaintiff objects to admission of Dr. Toosi's testimony on the grounds Dr. Toosi is not licensed to practice medicine in the United States and the period since Dr. Toosi actively treated patients.

**Response:** Plaintiff does not challenge Dr. Toosi medical credentials. Dr. Toosi received his Medical Doctorate (M.D.) from Mashhad University of Medical Sciences in 1994. Dr. Toosi was a practicing physician for five years before he immigrated to the United States (Exhibit "C").

Plaintiff's objections based upon licensure and the period of time since Dr. Toosi was a practicing physician may be raised to challenge the weight afforded Dr. Toosi' opinion. These objections should not affect the admissibility, as it is clear Dr. Toosi possesses his Medical Doctorate and based upon his training and experience was a practicing physician.

**Item #3:** Plaintiff objects to admission of Dr. Toosi's testimony on the grounds he did not personally examine the vehicles.

**Response:** Dr. Toosi relied upon vehicle–specific data (Including curb weight, geometry, and dimensions) for the 2007 Honda Accord Se 4-door sedan and the 2007 Volvo VNM42T tractor-trailer.

Dr. Toosi also relied, in part, upon the twenty-three (23) color photographs of the 2007 Honda, an April 14, 2016 repair estimate for the 2007 Honda, the claim summary for the 2007 Honda, and the GEICO declaration page.

**Item #4:** Plaintiff objects to admission of Dr. Toosi's testimony on the grounds the principals and methods utilized by Dr. Toosi in formulating his conclusions are not reliable.

**Response**: Dr. Toosi identified seventy-five (75) treatises, articles publications, and studies he consulted and relied upon in the formulation of his conclusions (Exhibit "D" pages 23 -26).

In addition, Dr. Toosi by footnote reference to the specific treatises, articles, publications, and studies, supported the definitive-particularized statements and conclusions contained in the Accident Analysis, Vehicle Information, Occupant Kinematics, and Injury Analysis portion of his report.

Dr. Toosi in further support of his analysis set forth mathematical calculations relevant to his sideswipe analysis (Exhibit "D" pages 15-16).

**Item #5:** Plaintiff objects to admission of Dr. Toosi's testimony on the grounds Justice Silber of the Supreme Court Kings County, on June 29, 2016 precluded his testimony.

**Response**: On February 01, 2017, Justice Peter Sweeney of the Supreme Court Kings County found, based upon Dr. Toosi' background and experience, Dr. Toosi was qualified to testify as to the matters in his report including whether the force of the impact could have caused plaintiffs alleged injuries or exasperated a pre-existing injury. See Myers v. Culler Index # 04578-2014 [Sup Ct. 2017] (Exhibit "E").

Upon information and belief, the source being a Lexis database search, Dr. Toosi was qualified and testified as an expert witness during the December 2016 trial of Penhasov v. Khaliki Index # 509207-2014 venued in the Supreme Court Kings County (Exhibit "G").

**//THIS PORTION INTENTIONALLY LEFT BLANK//**

## ARGUMENT:

I.      Applicable Standards:

Rule 702 governs admissibility of expert testimony. Rule 702 permits testimony from a qualified expert if: 1) the experts knowledge will assist the trier of fact to understand the evidence or determine a fact in issue; 2) the expert bases his/her testimony on sufficient facts or data; 3) the experts testimony is the product of reliable principals and methods; and 4) the expert has reliably applied the principals and methods to the facts of the case.

Rule 702 embodies a liberal standard of admissibility for expert testimony. Grand River Enter. Six Nations, Ltd. v. King, 783 F. Supp. 2d 516 [S.D.N.Y. 2011]. Rejection of expert testimony is the exception rather than the rule. Cedar Petrochems, Inc., v. Dongbu Hannong Chem. Co., 769 F. Supp.2d 269 [S.D.N.Y. 2011]. This amendment (Rule 702) is not intended as an automatic challenge to the testimony of every expert. Advisory Committee Notes to the 2000 Amendment to the Fed. R. of Evid. 702. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof, are the traditional and appropriate means of attacking shaky but admissible evidence. Daubert v. Merrill Dow Pharm., Inc. *supra* at 595.

In examining the reliability of expert testimony, the inquiry courts conduct under Rule 702 is a flexible one. Cohalan v. Genie Indus., 2013 WL 829150 [S.D.N.Y. 2013]. Questions of credibility do not generally render an experts testimony inadmissible (citations omitted) nor should district courts prejudge the weight of conflicting evidence or substitute the judgment of the court for that of the jury. In Re Pfizer Inc. Sec. Litig., 2010 U. S. Dist. LEXIS 26927 [S.D.N.Y. 2010].

In accord with the liberal standard applied to the admissibility of Dr. Toosi's testimony, it is respectfully urged that the traditional remedy e.g. cross-examination, introduction of contrary evidence, is the proper mechanism to challenge Dr. Toosi's opinion and conclusions.

II:     Dr. Toosi Testimony Rests on Both a Reliable Foundation and is Relevant to the Issues Presented:

In Morgan v. Girgis, 2008 U.S. Dist. LEXIS 39780 [S.D.N.Y. 2008], cited by plaintiff, defendant's biomechanical engineer was permitted to testify regarding the forces generated by accidents and the likely effect of such forces on the human body.

Plaintiff Morgan challenged the admissibility of the defense experts testimony on the grounds the experts testimony was unreliable. Plaintiff based his argument on the fact the expert did not visit the scene of the accident, inspect the vehicles involved, view

a photograph of defendant's vehicle, nor interview the plaintiff. The Court rejected *Morgan*'s arguments, "We find this argument to be without merit."

Here, Dr. Toosi reviewed plaintiff's and defendant's deposition transcripts, twenty three (23) photographs of plaintiff's 2007 Honda, six (6) photographs of the accident location, vehicle specific data, the claim summary, and estimate for the 2007 Honda along with the GEICO policy information in addition to further documents, data, material and information outlined by Dr. Toosi.

Based on Dr. Toosi's medical, biomechanical-engineering, and accident reconstruction background, it is urged that plaintiff's motion in limine to preclude the testimony of Dr. Toosi be rejected. Dr. Toosi' testimony, for the reasons outlined in his analysis, and in accord with Fed. R. Evid 401, will assist the jury to assess the probability of the disputed claims.

The critical distinction between Morgan v. Girgis and the pending matter is the fact Dr. Toosi is, by training and experience, a medical doctor. Education and experience not possessed by the *Morgan* expert.

In view of this critical distinction, it is urged that Dr. Toosi be permitted to testify regarding his opinions and conclusions and the basis for same as outlined in his analysis (Exhibit "D"). In addition to Dr. Toosi qualifications to offer his conclusions regarding the force generated by accidents, the effect of such force on the human body along with the mechanism of the injury, e.g. the type of accident, Dr. Toosi is qualified to offer an opinion regarding the cause of Mr. Thomas' injury(s).

After conducting a hearing, Justice Sweeney of the Supreme Court-Kings County concluded:

> In light of Dr. Toosi's credentials, the Court finds that he is qualified to testify regarding those matters referred to in his report and those matters he testified to at the hearing, including whether the force of the impact in the subject accident could have caused plaintiff's alleged injuries or exacerbated a pre-existing injury (citations omitted)…Dr. Toosi's background, experience, and areas of specialty, sufficiently render him qualified to testify as to the medical issues discussed at the hearing and in his report. The Court rejects plaintiff's contention that Dr. Toosi's lack of a license to practice medicine in the United States renders him unqualified to render those opinions. (Exhibit "E").

The Appellate Term First Department in reversing a trial court's preclusion of Dr. Toosi's testimony reached a similar conclusion, i.e. Dr. Toosi's education, background, experience and areas of specialty qualified him to testify regarding the mechanics of the injury (Exhibit "F").

In view of Dr. Toosi's medical education, training and experience, as distinguished from biomechanical engineering experts without medical education and experience, Dr. Toosi's conclusions regarding Mr. Thomas' injuries go to the weight not the admissibility of his opinions.

## CONCLUSION:

For the foregoing reasons, defendants YCR Inc. and Lance D. Morgan respectfully ask this Court to deny Plaintiff's motion.

Dated: Bohemia, New York
      September 14, 2017

DeSENA & SWEENEY, LLC

_____
**BRIAN P. CALLAHAN, ESQ.**
**PAUL J. FELICIONE, ESQ.**
Attorneys for Defendant
YRC INC., its agents, servants, and/or Employees and LANCE D. MORGAN
1500 Lakeland Avenue
Bohemia, New York 11716

| Docket 16-cv-06105 (AT) | Year 2016 |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG THOMAS,

                   Plaintiff,

-against-

YRC INC., its agents, servants, and/or employees, and LANCE D. MORGAN,

                   Defendants.

### DECLARATION IN OPPOSITION AND MEMORANUM OF LAW

**DESENA & SWEENEY, LLP**
**Attorneys at Law**
*Attorneys for* YRC INC. D/B/A YRC FREIGHT
AND LANCE D. MORGAN
**1500 Lakeland Avenue**
**Bohemia, NY 11716**
**(631) 360-7333**

### ATTORNEY CERTIFICATION

The undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, belief and reasonable inquiry, the contentions contained in the above referenced documents are not frivolous.

Dated: Bohemia, New York
   September 14, 2017

                          BRIAN P. CALLHAN, ESQ.

Sir: Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a      duly entered in the office of the clerk of the within named Court on      , 20   .

☐ NOTICE OF SETTLEMENT
that an order    of which the within is a true copy will be presented for settlement to the Honorable , one of the judges of the within named court at on    , 20    at    M.

To:
Uriel E. Gribetz
Attorney(s) for Plaintiff(s)
19 Court Street, Suite 201
White Plains, NY 10601
(914) 949-0100

Yours etc.,

**DESENA & SWEENEY, LLP**
*Attorneys for*
YRC INC. D/B/A YRC FREIGHT AND LANCE D. MORGAN
1500 Lakeland Avenue
Bohemia, NY 11716
(631) 360-7333